# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                    Plaintiff,<br><br>v.<br><br>YVETTE PHILLIPS,<br><br>                                    Defendants. | Case No.:  18-CR-0880-AJB<br><br>**ORDER DENYING DEFENDANT'S MOTIONS**<br><br>(Doc. No. 130) |

Presently before the Court is Defendant's Motion for Dismissal and Mistrial, and Motions for Stipulation Regarding False Testimony, and Surrebuttal (Doc. 130.) The Court denied a Motion to Dismiss and for other relief on the record made after the case was submitted to the jury for deliberation.

For the reasons already stated on the record, and incorporated herein, and the further comments below, Defendant's Motions are denied in their entirety.

Counsel notes that the Court correctly noted the un-objected to testimony from Officer Serrano that the date of arrest was January 25, 2018. (Doc. 130 at 1.) Also, the Court   recited the testimony of Kianna Evans that she did not speak with Defendant on the "date of the arrest." Telephone evidence showed calls in the early part of the day on

1

January 24, 2018. Defense presented a closing argument that stated the government's evidence was faulty because the telephone records showed Kianna called the Defendant the date of arrest, despite what the Government argued. The Government countered with the evidence <u>in the record</u> to the contrary in response to Defendant's challenge to this evidence. Now defendant seeks a dismissal and other relief on information outside the record that might have impeached, countered, contrasted or corrected the record on the testimony on date of arrest. Defendant had ample opportunity in it's extended cross examination of Officer Serrano, and otherwise, to have sought to impeach, correct or supplement the record in this regard. It did not.

Defendant approached the Port of Entry shortly before 11:00 p.m. on January 24, 2018, and upon inspection and detection of a hidden alien in the dash, was sent to secondary inspection where Defendant was detained and the alien extracted. Officer Serrano interviewed Defendant around 12:30 a.m. on January 25, 2018. Defendant's Exhibit F.1 (The Consent to Search the Cell Phone) was signed by Defendant at 1:21 a.m. Other than these references, the only other evidence of the date or time of arrest was the trial testimony by Officer Serrano. No greater attention was given to pin down the arrest date by either side.

In the end, the "lie" the Government asserted was the story Defendant told, under oath, about the "government phone", that she "gave to her daughter in law," because the daughter in law didn't have one. The calls on the day of arrest, or not, were a minor point, at best, in the alleged web of deceit, amplified by Defendant's own doing in arguing outside the record in summation. The testimony of Kiana Evans/Phillips clearly exposed the "lie," about the phones origin and purpose, along with the uncontroverted evidence that the subject phone was not authorized for use in the United States.

//
//
//
//

2

18-CR-0880-AJB

Having tread outside the record in argument in an attempt to counter the Government, the Court does not find any device, scheme, plan or intention to use false testimony by the Government established, and no basis for any of the relief the Defense seeks. Therefore, Defendant's Motions are **DENIED.**

**IT IS SO ORDERED**.

Dated: April 26, 2019

Hon. Anthony J. Battaglia
United States District Judge